IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SHERMAN H. ZENG, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

v.

HUGH S. POTTS, JR., JEFFREY B. LACEY,
MICHAEL L. NELSON, SCOTT M.
WIGGERS, EDDIE J. BRIGGS, HOLLIS C.
CHEEK, JON A. CROCKER, JAMES D.
FRERER, K. MICHAEL HEIDELBERG, JOHN
CLARK LOVE, III, OTHO E. PETTIT, JR.,
SAMUEL B. POTTS, JULIE B. TAYLOR,
LAWRENCE D. TERRELL, LAWRENCE D.
"DENNY" TERRELL, JR., JAMES I. TIMS,
RENASANT CORPORATION, RENASANT
BANK, FIRST M&F CORPORATION, and
MERCHANTS AND FARMERS BANK,

                Defendants

CIVIL ACTION NO.

4:13-CV-00040-MPM-JMV

## **PRELIMINARY APPROVAL ORDER**

**WHEREAS**, currently pending before the Court is a putative class action styled *Zeng v. Potts, et al.*, No. 4:13-CV-40-MPM-JMV (the "*Zeng* Action"); and

**WHEREAS**, Sherman H. Zeng and Stanley J. Silverii (collectively, "Plaintiffs"), on behalf of themselves individually and all members of the Class (as defined below), have made an application under Federal Rule of Civil Procedure 23(e) for an order approving the settlement of the claims in the *Zeng* Action in accordance with the Stipulation of Settlement dated October 3, 2013 (the "Stipulation"), which, together with the attached Exhibits, sets forth the terms and conditions for the *Zeng* Action's settlement and dismissal with prejudice (the "Settlement");

**WHEREAS**, the Court has read and considered the Stipulation and the attached Exhibits and Plaintiffs' application for approval of the Settlement in the *Zeng* Action.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise indicated.

2. For settlement purposes only, the Court finds that the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2) have been satisfied and hereby conditionally certifies a mandatory non-opt out class action on behalf of a class consisting of all First M&F Corporation ("FMFC") common shareholders, including all persons or entities that were record holders or beneficial holders of FMFC common stock, from October 15, 2012 through September 1, 2013, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any and each of them (the "Class"). Excluded from the Class are Defendants, members of the immediate family of any Defendant, and any entity in which a Defendant has or had a controlling interest.

3. With respect to the Class, this Court preliminary finds and concludes that: (a) the Class members are so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) Plaintiffs' claims are typical of the claims of the Class; (d) Plaintiffs, Lead Counsel, and Liaison Counsel will fairly and adequately protect the interests of the Class; (e) prosecuting separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants; (f) prosecuting separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class that, as a practical

matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and (g) Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief would be appropriate respecting the Class as a whole.

4. The Court previously appointed Sherman H. Zeng and Stanley J. Silverii as Lead Plaintiffs in the *Zeng* Action. In addition, Robbins Geller Rudman & Dowd LLP was appointed as Lead Counsel and Pigott & Johnson, P.A. was appointed as Liaison Counsel in the *Zeng* Action.

5. The Court hereby preliminarily approves the Stipulation and Settlement terms set forth therein, subject to further consideration at the Settlement Hearing (as defined below).

6. A hearing shall be held on **December 19, 2013**, at **10 A.M.**, before the Honorable Michael P. Mills in Courtroom 1 – First Floor of the United States Federal Building, 911 Jackson Avenue, Oxford, Mississippi 38655 (the "Settlement Hearing") to determine: (a) whether the Class should be finally certified as a mandatory non-opt out class (a class without opt out rights) for the purpose of settlement; (b) whether the Settlement is fair, reasonable, and adequate to the Class, and therefore should be approved by the Court; (c) whether the [Proposed] Final Judgment and Order of Dismissal with Prejudice attached to the Stipulation should be entered in the *Zeng* Action; (d) the amount of attorneys' fees and expenses that should be awarded to Plaintiffs' Counsel; and (e) any other matters that the Court may deem appropriate. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

7. Any moving papers filed in support of the final approval of the Settlement, or the Fee Application, shall be filed at least twenty-eight (28) calendar days prior to the Settlement Hearing.

8. The Court approves, as to form and content, the Parties' proposed Notice of Pendency of Class Action, Proposed Class Action Settlement, Settlement Hearing and Right to Appear attached as

Exhibit B-1 to the Stipulation (the "Notice") and finds that the mailing and distribution of the Notice, substantially in the manner and form set forth in this Order, meets the requirements of federal law, due process, and the Private Securities Litigation Reform Act of 1995, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to persons entitled thereto.

9. Counsel for the Parties are hereby ordered to cooperate, supervise, and administer the notice procedure as more fully set forth below:

   a. Not later than ten (10) business days from the date of this Order, FMFC shall cause a copy of the Notice to be mailed by First-Class Mail to all Class members who can be identified with reasonable effort; and

   b. At least ten (10) calendar days before the Settlement Hearing, FMFC's counsel shall serve on Lead Counsel and file with the Court proof, by affidavit or declaration, of such mailing.

10. Any banks, brokers, or other nominees who held or purchased FMFC stock during the Class period beneficially on behalf of another person or entity shall, within ten (10) calendar days after receipt of the Notice, either mail the Notice to such persons or entities or provide a list of the names and addresses of such persons or entities to the notice administrator chosen by FMFC.

11. All Class members shall be bound by all determinations, judgments, and releases in the *Zeng* Action concerning the Settlement, whether favorable or unfavorable to the Class.

12. Any Class member may enter an appearance in the *Zeng* Action at his, her, or its own expense, individually or through counsel of the Class member's own choice. Any Class member who does not enter an appearance will be represented by Lead Counsel and Liaison Counsel.

13. Pending any entry of the Final Judgment and Order of Dismissal with Prejudice, Plaintiffs and all members of the Class are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any

Settled Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party. Further, pending final approval of the Settlement by the Court, all proceedings in the *Zeng* Action, except for settlement-related proceedings, are and shall be stayed.

14. Any Class member may state their position regarding the settlement to the Court if he, she, or it believes: (i) the proposed Class should or should not be finally certified for the purpose of settlement; (ii) the proposed Settlement should or should not be approved as fair, reasonable, and adequate; or (iii) the requested attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel; ***provided, however***, that no Class member or any other person or entity shall be heard or entitled to contest the final certification of the Class, the approval of the Settlement's terms and conditions, the [Proposed] Final Judgment and Order of Dismissal with Prejudice approving the Settlement, an alternative judgment, or the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless that person or entity has delivered by hand or sent by First-Class Mail written objections (along with written proof of ownership of FMFC stock during the class period) and copies of any supporting papers and briefs so that they are postmarked seventeen (17) calendar days or hand-delivered fourteen (14) calendar days before the Settlement Hearing. Any such objections and supporting material must be addressed to Lead Counsel and Defendants' Counsel (as defined below), with the original of said objections, papers, and briefs filed with the Clerk of the Court at the following addresses: David Crews, Clerk of the Court, United States District Court, Northern District of Mississippi, 911 Jackson Ave. East, Ste. 369, Oxford, MS 38655; Cullin A. O'Brien, Robbins Geller Rudman & Dowd LLP, 120 East Palmetto Park Road, Suite 500, Boca Raton, FL 33462; Bryan A. Erman, Carrington, Coleman, Sloman & Blumenthal, L.L.P., 901 Main Street, Suite 5500, Dallas, TX 75202; and Harry Rosenberg, Phelps Dunbar, LLP, 365 Canal Street, Suite 2000, New Orleans, LA 70130 (Bryan A. Erman and Harry Rosenberg constituting "Defendants' Counsel"). Any Class members wishing to object orally at the

Settlement Hearing must file, along with their written objections, a notice of intention to appear, indicating that they intend to appear at the Settlement Hearing, and copies of any exhibits the Class members intend to display or introduce into evidence at the Settlement Hearing. Any Class member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, unless otherwise ordered by the Court.

15. If any objections to the Settlement are received or filed, the Parties may file briefs responding to those objections no later than seven (7) calendar days prior to the Settlement Hearing.

16. The provisions contained in the Stipulation and all negotiations of the Settlement shall not be deemed a presumption, concession, or admission by any Defendant of any fault, liability, or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Actions or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, received in evidence, or otherwise used by any person in the Actions or any other action or proceeding, whether civil, criminal or administrative, for any purpose other than as expressly provided in the Stipulation.

17. If the Court approves the Settlement following the Settlement Hearing, judgment shall be entered substantially in the form attached as Exhibit C to the Stipulation.

18. The MOU, the Stipulation (including any amendments thereof), the Settlement, the conditional Class certification, and the [Proposed] Final Judgment and Order of Dismissal with Prejudice, shall be null and void and of no force and effect, unless otherwise agreed to by the Parties pursuant to the terms of the Stipulation, if: (a) the Settlement, including any amendments agreed upon by all of the Parties but not including the payment of Plaintiffs' Counsel's fees and expenses, does not receive final court approval for any reason; or (b) the final dismissal with prejudice of the Actions,

including the exhaustion of any right to appeal or seek other review, fails to occur. For purposes of this provision, a disallowance, modification, or reversal of the fees and/or expenses sought and awarded to Plaintiffs' Counsel shall not be construed as a failure of the Settlement to receive final court approval. The Court's (or any appellate court's) failure to approve the fees and expenses for Plaintiffs' Counsel shall not be a basis to nullify or void the agreements to settle the Actions or to release the Settled Claims described in the Stipulation. Additionally, all Defendants may, but are not obligated to, declare the MOU, the Stipulation (including any amendments thereof), the Settlement, the conditional Class certification, and the [Proposed] Final Judgment and Order of Dismissal with Prejudice, null and void in the event that any Settled Claims are prosecuted against any of the Released Parties prior to final court approval of the Settlement and exhaustion of any right to seek appeal or other relief and such claims are not dismissed with prejudice or stayed in contemplation of dismissal of the Actions. In the event of nullification of the MOU, the Stipulation (including any amendments thereof), the Settlement, the conditional Class certification, and the [Proposed] Final Judgment and Order of Dismissal with Prejudice, the Parties shall be deemed to be in the position they were in prior to the execution of the MOU, and the statements made in the Stipulation, in the MOU, and in connection with the negotiation of the MOU, the Stipulation, or the Settlement shall not be deemed to prejudice in any way the positions of the Parties or to constitute an admission of fact or wrongdoing by any of the Parties, and neither the existence of the Stipulation, nor its contents, nor any statements made in connection with the negotiation of the MOU or the Stipulation, nor other any settlement communications shall be admissible in evidence or referred to for any purpose in the Actions or any other litigation or judicial proceeding, except in connection with any proceeding to enforce the terms of the MOU or the Stipulation.

19. If the Settlement does not become final for any reason, the Parties shall revert to their respective litigation positions as if the Stipulation and the MOU never existed.

20.	The Court reserves the right to adjourn the Settlement Hearing without further notice to the Class members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED this 18th day of October, 2013.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**