IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| SHERMAN H. ZENG, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 4:13-CV-00040-MPM-JMV |
| v. | § § | |
| HUGH S. POTTS, JR., JEFFREY B. LACEY, MICHAEL L. NELSON, SCOTT M. WIGGERS, EDDIE J. BRIGGS, HOLLIS C. CHEEK, JON A. CROCKER, JAMES D. FRERER, K. MICHAEL HEIDELBERG, JOHN CLARK LOVE, III, OTHO E. PETTIT, JR., SAMUEL B. POTTS, JULIE B. TAYLOR, LAWRENCE D. TERRELL, LAWRENCE D. "DENNY" TERRELL, JR., JAMES I. TIMS, RENASANT CORPORATION, RENASANT BANK, FIRST M&F CORPORATION, and MERCHANTS AND FARMERS BANK, | § § § § § § § § § § § § § § | |
| Defendants | § | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court, on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement, dated October 3, 2013 (the "Stipulation"), a copy of which is attached hereto as Exhibit 1. Due and adequate notice having been given to the Class (as defined below) as required in said Order and the Federal Rules of Civil Procedure, and the Court having considered all papers filed and proceedings had herein, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Final Judgment and Order") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the putative class action styled *Zeng v. Potts, et al.*, No. 4:13-CV-MPM-JMV (the "*Zeng* Action") and over all Parties to the litigation, including all members of the Class.

3. For settlement purposes only, the Court finds that the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2) have been satisfied and hereby certifies a mandatory non-opt out class action on behalf of a class consisting of all First M&F Corporation ("FMFC") common shareholders, including all persons or entities that were record holders or beneficial holders of FMFC common stock, from October 15, 2012 through September 1, 2013, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any and each of them (the "Class"). Excluded from the Class are Defendants, members of the immediate family of any Defendant, and any entity in which a Defendant has or had a controlling interest.

4. With respect to the Class, this Court finds and concludes that: (a) the Class members are so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) Plaintiffs' claims are typical of the claims of the Class; (d) Plaintiffs, Lead Counsel, and Liaison Counsel will fairly and adequately protect the interests of the Class; (e) prosecuting separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants; (f) prosecuting separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and (g) Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief would be appropriate respecting the Class as a whole.

5. This Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is in all respects fair, reasonable, and adequate to the Class, and the Parties are hereby directed to perform its terms.

6. This Court hereby completely discharges and dismisses with prejudice the *Zeng* Action without costs to any Party (except as otherwise provided herein).

7. The following claims are fully, finally, and forever released, discharged, and settled: all known and unknown claims, demands, rights, liabilities, damages, costs, expenses, actions, suits, and controversies of every nature and description whatsoever against the Released Parties (defined below) that have been or could have been asserted by Plaintiffs or any member of the Class in their capacity as shareholders, or by any company on whose behalf claims have

been or could be asserted derivatively, including class, individual, derivative, or other claims, in state or federal court, based upon, arising from, or related to the claims or allegations in the Actions, including but not limited to claims or allegations based upon, arising from, or related to the negotiation, consideration, approval, drafting, execution, consummation, and any other matter related to or arising out of the Merger and/or any disclosures relating to the Merger (collectively, the "Settled Claims"). The "Released Parties" refers to Hugh S. Potts, Jr., Eddie J. Briggs, K. Michael Heidelberg, Jeffrey B. Lacey, John Clark Love, III, Lawrence D. Terrell, James I. Tims, Samuel B. Potts, Scott M. Wiggers, Hollis C. Cheek, Jon A. Crocker, James D. Frerer, Otho E. Pettit, Jr., Julie B. Taylor, Lawrence D. Terrell, Jr., Michael L. Nelson, Renasant Corporation, Renasant Bank, Merchants and Farmers Bank, FMFC, and their respective predecessors, successors-in-interest, parents, subsidiaries, affiliates, consultants, representatives, agents, trustees, executors, heirs, spouses, marital communities, assigns or transferees, and any person or entity acting for or on behalf of any and each of them (including, without limitation, any present or former investment bankers or financial advisors, accountants, insurers, reinsurers or attorneys and any past, present or future officers, directors and employees of any of them). The Settled Claims, however, shall not include the right of Plaintiffs or any member of the Class to enforce in this Court the terms of the Stipulation and the MOU. The Settled Claims shall also not include claims under the federal securities laws against Renasant Corporation that are not based upon, arising from, or related to the claims or allegations in the Actions, the Merger, Merger Agreement and the transactions contemplated therein.

8. The release of the Settled Claims extends to claims that the parties granting the release (the "Releasing Parties") do not know or suspect to exist at the time of the release, which if known might have affected the Releasing Parties' decision to enter into the release. The

Releasing Parties shall be deemed to relinquish, to the extent applicable and to the full extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides that "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." The Releasing Parties shall also be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542.

9. Defendants and the Released Parties release Plaintiffs, Plaintiffs' Counsel, and members of the Class and their counsel, from all claims arising out of the institution, prosecution, settlement, or resolution of the Actions; provided however, that the Defendants and Released Parties shall retain the right to enforce in this Court the terms of the Stipulation or MOU.

10. The notice of the settlement given to the Class, including the individual notice to all members of the Class who could be identified through reasonable effort, was appropriate and adequate. The notice given provided the best notice practicable under the circumstances to all persons entitled to such notice of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation. The notice given fully satisfied the requirements of Federal Rule of Civil Procedure 23(e), the Private Securities Litigation Reform Act, and due process, and constituted due and sufficient notice to all persons entitled thereto.

11. Defendants have denied, and continue to deny, that any of them have committed or aided and abetted any violations of law or breaches of duty to the Plaintiffs, the Class, FMFC, Merchants and Farmers Bank, or anyone else, and that any additional disclosures (including the

Supplemental Disclosures) were or are required under any applicable rule, regulation, statute, or law, and Defendants maintain that they diligently and scrupulously complied with their fiduciary duties.

12. Defendants entered into the Settlement solely because it will eliminate the uncertainty, distraction, burden, and expense of further litigation, and put to rest and terminate all the claims that were or could have been asserted against Defendants in the Actions, which will benefit the shareholders.

13. Plaintiffs and their counsel believe that Defendants have asserted and would continue to assert significant legal and factual defenses to Plaintiffs' claims made in the Actions, and as a result, that the terms of the Stipulation and the terms of the Merger are fair, reasonable, adequate, and in the best interest of Plaintiffs, all members of the Class, and FMFC.

14. The provisions contained in the Stipulation and all negotiations of the Settlement shall not be deemed a presumption, concession, or admission by any Defendant of any fault, liability, or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Actions or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, received in evidence, or otherwise used by any person in the Actions or any other action or proceeding, whether civil, criminal or administrative, for any purpose other than as expressly provided in the Stipulation. If the Settlement does not become final for any reason, the Parties shall revert to their respective litigation positions as if the Settlement, the Stipulation, and the MOU never existed.

15. If any action is filed in state or federal court asserting claims that are related to the Settled Claims prior to final court approval of the proposed Settlement and the exhaustion of any right to appeal or seek other review or any time thereafter, Plaintiffs shall cooperate with

Defendants in obtaining the dismissal or withdrawal of such related litigation, including, where appropriate, joining in any motion to dismiss such litigation.

16. In the event the Settlement does not become final for any reason, Defendants reserve the right to oppose certification of any class in future proceedings.

17. All Defendants shall have the right to withdraw from the Settlement in the event that (a) any court enjoins or otherwise precludes the Merger or (b) any claim related to the subject matter of the Actions, the Merger, or the Settled Claims is commenced or prosecuted against any of the Released Parties in any court prior to final approval of the Settlement and the exhaustion of any right to appeal or seek review of that approval, and (following a motion by any Defendant) any such claim is not dismissed with prejudice.

18. The Settlement, Stipulation, and MOU shall be null and void and of no force and effect, unless otherwise agreed to by the Parties pursuant to the terms of the Stipulation, if the final dismissal with prejudice of the Actions, including the exhaustion of any right to appeal or seek other review, fails to occur. The Court's (or any appellate court's) failure to approve the fees and expenses for Plaintiffs' Counsel shall not be a basis to nullify or void the Settlement, Stipulation, or MOU. In the event of nullification of the Settlement, Stipulation, and MOU, the Parties shall be deemed to be in the position they were in prior to the execution of the MOU, and the statements made in the Settlement, Stipulation, and MOU, and in connection with the negotiation of the MOU, the Stipulation, or the Settlement shall not be deemed to prejudice in any way the positions of the Parties or to constitute an admission of fact or wrongdoing by any of the Parties. If the Settlement, Stipulation, and MOU are nullified, neither the existence of the Settlement, the Stipulation, or the MOU, nor any of their contents, nor any statements made in connection with the negotiation of the MOU, the Stipulation, the Settlement, nor any other

settlement communications shall be admissible in evidence or referred to for any purpose in the Actions or any other litigation or judicial proceeding, except in connection with any proceeding to enforce the terms of the MOU, the Stipulation, or the Settlement.

19. Plaintiffs and all members of the Class are forever barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.

20. All Parties and their counsel complied with the provisions of Federal Rule of Civil Procedure 11 and Mississippi Rule of Civil Procedure 11.

21. The Settlement and payment of attorneys' fees are conditioned on the Merger having become effective under Mississippi law.

22. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

23. Pursuant to Federal Rule of Civil Procedure 42(h), the Court hereby awards Lead Counsel and Liaison Counsel (as defined in the Stipulation) fees and expenses of $435,000.00 to be paid in accordance with Section 14 of the Stipulation. Any reversal or modification of the attorneys' fees awarded in this Final Judgment and Order shall not affect the validity of the Settlement, including the dismissal with prejudice of the *Zeng* Action and the release of the Settled Claims, and the award of attorneys' fees may be considered separately from the rest of this Final Judgment and Order. In the event that this award of attorneys' fees is reversed or modified on appeal or otherwise, or any specified condition to the Settlement is not satisfied, Plaintiffs' Counsel shall refund to Defendants the advanced amount and all interest accrued or

accumulated thereon within ten (10) business days from entry of an order providing for such reversal or modification. Except as provided in the Stipulation, the Released Parties shall bear no other expenses, costs, damages, or fees alleged or incurred by the named Plaintiffs in the Actions, by any member of the Class, or by any of their attorneys, experts, advisors, agents, or representatives.

      IT IS SO ORDERED.

Signed this 19th day of December, 2013

/s/ Michael P. Mills
CHIEF JUDGE MICHAEL P. MILLS
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI